**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS MCALLEN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | **CASE NO. 7:20-CV-084** |
| § | |
| **2.433 ACRES OF LAND, MORE OR LESS,** § | |
| **SITUATE IN HIDALGO COUNTY, STATE** § | |
| **TEXAS; AND TAX RANCH, LLC; ET AL.,** § | |
| § | |
| § | |
| *Defendants.* § | |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER F.R.C.P. 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) Federal Rules of Civil Procedure, the parties conferred by phone on June 5, 2020.

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   Plaintiff will provide initial disclosures pursuant to Rule 26(a)(1)(A) by June 5, 2020 pursuant to Rule 26(a)(1)(C). Defendant Tax Ranch will provide disclosures by June 30, 2020.

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

4. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S.

Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property under the power of eminent domain through a Declaration of Taking and for the determination and award of just compensation to the owners and parties in interest.

5. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

7. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   None.

8. **List anticipated interventions.**

   None.

9. **Describe any class-action issues.**

   None.

10. **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

       Defendant will make their disclosures on June 30, 2020.

    B. **When and to whom the plaintiff anticipates it may send interrogatories?**

       The United States anticipates sending interrogatories to the defendants in this action within 30 days after the entry of the Court's scheduling order.

    C. **When and to whom the defendant anticipates it may send interrogatories?**

       Defendant Tax Ranch anticipates sending interrogatories to the Plaintiff in this action within 30 days after the entry of the Court's scheduling order.

**D. Of whom and by when the plaintiff anticipates taking oral depositions?**

The United States anticipates taking the depositions of the defendants and any individuals with relevant knowledge identified by the defendant in this action prior to the end of the discovery period as designated by the Court.

**E. Of whom and by when the defendant anticipates taking oral depositions?**

Tax Ranch does not anticipate taking fact witness depositions.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

The defendants have the burden of proof regarding the issue of just compensation in this action. Defendant Tax Ranch expects to be able to designate its expert and provide its appraisal within 120 days of the scheduling order. The United States anticipates being in a position to designate responsive experts within 150 days of the scheduling order in this case. The United States would ask the Court to consider allowing a second deadline to allow for rebuttal experts if the United States is ordered to designate experts on the same date as the defendants.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Tax Ranch anticipates taking the depositions of all experts designated by the United States.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The United States anticipates taking the depositions of all experts designated by the defendants prior to the end of the discovery period.

**I. All other matters raised in Rule 26(f).**

Not Applicable.

**11. If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Parties are in agreement with the proposed discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

The United States contends that it has discussed valuation and provided comparable sales used in the precondemnation valuation of the subject tracts to Defendant's representatives. The United States and Tax Ranch have also negotiated and entered into a written agreement regarding the immediate possession of the estate acquired for the subject tracts as described in Schedules C, D and E of the Declaration of Taking.

13. **State the date the planned discovery can reasonably be completed.**

    Parties anticipate that discovery can be reasonably completed in 210 days.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties have been unable to resolve the amount of just compensation to be paid by the United States. The parties have agreed to the immediate possession and use of the property by the United States to begin the work necessary for construction of the Border Infrastructure Project and will continue to explore options for settling the matter of just compensation during the discovery period.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The United States contends the following occurred with regard to its attempt to bring about a prompt resolution:

    Prior to filing suit, on or about November 20, 2019, the United States contacted Charles Brown who is the assistant of Richard Garza. Richard Garza is Tax Ranch LLC's registered agent and managing member. Charles Brown explained that due to a personal loss Richard Garza would not be able to meet with the negotiator until further notice.

    On November 25, 2019, the United States contacted Charles Brown to set up a meeting with Richard Garza to discuss the offer to sell. Charles Brown stated that Richard Garza was still unavailable.

    On November 28, 2019, the United States unsuccessfully attempted to contact Charles Brown.

    On December 5, 2019, the United States unsuccessfully attempted to contact Charles Brown.

    On December 12, 2019, the United States received a phone call from Ricardo Ramos of Juan Ramos Law Group, PLLC. Ricardo Ramos stated he was representing Tax Ranch LLC. Ricardo Ramos requested a breakout of how the appraiser reached fair market value, value of acquisition, value of damages to the larger parcel's remainder and a list of the comparable sales used. Additionally, Ricardo Ramos requested a design consultation to discuss access to the remainder of the larger property and a copy of the acquisition brochure

referenced in the offer to sell letter. Ricardo Ramos explained that he and Richard Garza would be out of pocket over the next two weeks and through the holidays. After United States' representative explained the negotiation process to Ricardo Ramos.

On December 16, 2019, the United States provided Ricardo Ramos with the comparable sales used in the valuation of the subject tracts as well as a copy of the acquisition brochure. Ricardo Ramos stated that with the holidays, he and his client would not be available until the new year.

On January 6, 2020, the United States contacted Ricardo Ramos for an update. Ricardo Ramos stated that he had discussed these matters with his client and that his client indicated that he would like to obtain his own appraisal. Ricardo Ramos requested a call from the negotiator on Wednesday January 8, 2020.

On January 8, 2020, the United States contacted Ricardo Ramos to inquire about his client's decision regarding obtaining an appraisal. Ricardo Ramos stated that his client decided to obtain his own appraisal but that he could not say when it might be completed. Ricardo Ramos was advised that the United States could not indefinitely continue to negotiate and that in the absence of a counter-offer the acquisition would be referred to the Department of Justice for condemnation. Ricardo Ramos stated that he understood.

On February 20, 2020, AUSA Manuel Muniz Lorenzi talked to Ricardo Ramos. Ricardo Ramos stated that he could not continue to represent Tax Ranch, LLC. in the condemnation proceeding because he was not admitted to practice law in the United States District Court for the Southern District of Texas. Ricardo Ramos stated he was going to discuss this with his client, confirm if his client was hiring another attorney and provide the attorney's information to the United States.

On April 2, 2020, AUSA contacted Ricardo Ramos for an update on the issue of his client's legal representation. Ricardo Ramos confirmed he would no longer continue to represent Tax Ranch, LLC. and that his former client was hiring another attorney. Ricardo Ramos stated he would provide the new attorney's name and contact information to the United States.

Between May 5, 2020 and May 14, 2020, and after not receiving the information offered by Ricardo Ramos, the United States unsuccessfully attempted to contact Richard Garza on various occasions.

The Parties agree that the following occurred:

On May 18, 2020, AUSA Manuel Muniz Lorenzi contacted Richard Garza. Richard Garza provided the name of Tax Ranch's attorney Matthew Jones.

On May 19, 2020, AUSA Manuel Muniz Lorenzi contacted Tax Ranch's attorney Matthew Jones to start negotiations on possession and just compensation. Defendant did not provide a counter offer at the time.

On May 29, 2020, the United States and Defendant Tax Ranch, LLC. entered into an agreement regarding the immediate possession of the Tracts by the United States.

On June 5, 2020, Lance Kirby, attorney for Tax Ranch LLC, informed Manuel Muniz Lorenzi that an appraisal is in process and will be provided once completed.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties are amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    The United States makes no demand for a jury trial. Tax Ranch intends to make a jury demand once it answers this suit.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate a minimum of 12 hours per side to present the evidence in this matter.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

Plaintiff filed a Disclosure of Interested Parties with the Court on April 2, 2020. Tax Ranch will file its Disclosure no later than June 8, 2020.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

COUNSEL FOR PLAINTIFF:
MANUEL MUNIZ LORENZI
Assistant United States Attorney
Southern District of Texas No. 3381592
Puerto Rico Bar No. 21246
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone:  (956) 992-9435
Facsimile:   (956) 618-8016
E-mail: Manuel.Muniz.Lorenzi@usdoj.gov


COUNSEL FOR DEFENDANT:
LANCE ALAN KIRBY
Jones, Galligan, Key & Lozano, L.L.P.
BAR NUMBER 00794096
Telephone: (956) 968-5402
Facsimile: (956) 969-9402
E-mail: lakirby@jgkl.com
Attorney in Charge for Defendant


FOR DEFENDANT:                                  Respectfully submitted,
With Permission

                                                        **RYAN K. PATRICK**
                                                        United States Attorney
                                                        Southern District of Texas

By: *s/Lance Alan Kirby*                        By: *s/Manuel Muniz Lorenzi*
**LANCE ALAN KIRBY**                            **MANUEL MUNIZ LORENZI**
Jones, Galligan, Key & Lozano, L.L.P.           Assistant United States Attorney
Telephone: (956) 968-5402 Facsimile:            Southern District of Texas No. 3381592
(956) 969-9402                                  Puerto Rico Bar No. 21246
E-mail: lakirby@jgkl.com                        1701 W. Bus. Highway 83, Suite 600
Attorney in Charge for Defendant Tax            McAllen, TX 78501
Ranch, LLC                                      Telephone:  (956) 992-9435
                                                        Facsimile:   (956) 618-8016
                                                        E-mail: Manuel.Muniz.Lorenzi@usdoj.gov

## CERTIFICATE OF SERVICE

    I, Manuel Muniz Lorenzi, Assistant United States Attorney for the Southern District of Texas, do hereby certify on June 5, 2020, that a true and correct copy of the foregoing document will be mailed to the all parties for whom the United States has contact information.

By:   *s/ Manuel Muniz Lorenzi*<br>
      MANUEL MUNIZ LORENZI