Case 7:20-cv-00084   Document 11   Filed on 06/12/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 12, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-84 |
| | § | |
| 2.433 ACRES OF LAND, MORE OR LESS,, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

# **ORDER**

The Court now considers the parties' joint discovery/case management plan[1] filed by the United States of America ("United States") and Defendant Tax Ranch LLC in preparation for the June 17, 2020 initial pretrial and scheduling conference.[2]

As an initial matter, the parties provide in the joint discovery/case management plan that they wish to conduct discovery in the instant case.[3] While the Court typically finds discovery unnecessary in similar land condemnation cases, the Court recognizes that the parties intend to conduct appraisals of the property and have their appraisers submit expert reports.[4] As such, the Court agrees with the parties that limited discovery is necessary in this case.

Moreover, upon considering the joint discovery/case management plan, the Court sees no issues necessitating an in-person initial pretrial and scheduling conference at this time. As there are no issues necessitating a conference, the Court hereby sets out a case schedule tailored to the facts of the case. In doing so, the Court considers the proposed deadlines provided by the parties'

---

[1] Dkt. No. 8.
[2] Dkt. No. 4 at 1, ¶ 1.
[3] Dkt. No. 8 at 2–3, ¶ 10.
[4] *See id.* at 5–6, ¶ 15.

joint discovery/case management plan.[5] Accordingly, the Court sets out the following deadlines in order to insure progress of the case:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for Defendant to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | October 9, 2020 |
| Deadline for Plaintiff to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | November 10, 2020 |
| Discovery deadline. | January 8, 2021 |
| Deadline to notify the Court whether the parties (1) consent to the Court deciding the issue of just compensation upon briefs and evidence submitted therewith or (2) request an evidentiary hearing on the issue of just compensation.<br>Note: Parties may request a jury trial or a special commission[6] or consent to a bench trial. There is no right to jury trial.[7] | January 15, 2021 |
| Deadline to file briefs and submit evidence (or anticipated evidence if an evidentiary hearing is requested) on the issue of just compensation.<br>Note: The Court will conduct a preliminary screening of the briefs and anticipated evidence submitted to determine whether the evidence is sufficient to order a jury trial if one is requested.[8] | February 19, 2021 |

---

[5] *See* Dkt. No. 8.
[6] FED. R. CIV. P. 71.1(h). "If a party has demanded a jury, the court may instead appoint a three-person commission to determine compensation because of the character, location, or quantity of the property to be condemned or for other just reasons."
[7] Rule 71.1 does provide that "[i]n an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined: (A) by any tribunal specially constituted by a federal statute to determine compensation; or (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets, unless the court appoints a commission." However, the Fifth Circuit has held that courts have the ability to deny landowners a jury trial pursuant to Rule 71.1(h), as "there is no constitutional right to a jury in eminent domain proceedings." *Georgia Power Co. v. 138.30 Acres of Land*, 596 F.2d 644, 647 (5th Cir. 1979), *aff'd sub nom. Georgia Power Co. v. Sanders*, 617 F.2d 1112, 1113 (5th Cir. 1980) (en banc). This Court finds no need for a jury trial unless an owner's evidence is "sufficient to survive [a] preliminary judicial screening" and raises a question for the "the trier of fact to decide upon all the evidence and under proper instructions . . ." *United States v. 320.0 Acres of Land, More or Less in Monroe Cty., State of Fla.*, 605 F.2d 762, 820 (5th Cir. 1979).
[8] *See United States v. 320.0 Acres of Land, More or Less in Monroe Cty. Fla.*, 605 F.2d 762, 820 (5th Cir. 1979).

This Order is binding on all parties and may be modified only for good cause and by leave of the Court. All other deadlines, which are not specifically set out in this Order, will be governed by the Federal Rules of Civil Procedure.

In light of this Order, there is no need for an initial pretrial and scheduling conference. Thus, the Court **CANCELS** the parties' June 17, 2020 initial pretrial and scheduling conference.[9]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of June, 2020.

                                            Micaela Alvarez
                                            United States District Judge

---

[9] Dkt. No. 4.