UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:20-cv-00084 |
| § | |
| 2.433 ACRES OF LAND in HIDALGO § | |
| COUNTY; TAX RANCH, LLC; et al., § | |
| § | |
| Defendants. | |

**FINAL JUDGMENT**

Pursuant to the Court's previous orders, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. The full and just compensation payable by the United States for the taking of Tracts RGV-WSL-1012 and RGV-WSL-1022 shall be the sum of one hundred thirty-five thousand dollars and 00/100 ($135,000.00) plus any accrued interest, which is in full satisfaction of any claim of whatsoever nature by Defendant Tax Ranch, LLC against the United States for the institution and prosecution of the above-captioned action.

2. Judgment shall be and is hereby entered against the United States in the amount of one hundred thirty-five thousand dollars and 00/100 ($135,000.00) plus any accrued interest for the taking of Tracts RGV-WSL-1012 and RGV-WSL-1022.

3. The United States shall be and is hereby entitled to immediate possession of Tracts RGV-WSL-1012 and RGV-WSL-1022 and all persons in possession or control of the interests taken in this property are hereby **ORDERED** to surrender possession of same to the United States of the condemned estate:

> The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;
>
> Reserving to the owners of the lands identified in Document Nos. 2016-2719236 and 2016-2756021 reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on Schedule E-1 map;
>
> Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier. [1]

4. The total said sum of one hundred thirty-five thousand dollars and 00/100 ($135,000.00) with accrued interest, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to and deductible from this amount. There being no outstanding taxes or assessments due or owing, Defendant Tax Ranch, LLC is responsible for the payment of any additional taxes or assessments, which it otherwise owes on the interests in the property taken in this case on the date of the taking.

5. The stipulated just compensation remains on deposit in the Court's Registry. The Clerk of Court shall now, without further order of the Court, **DISBURSE** the total sum of **one hundred thirty-five thousand dollars and 00/100 ($135,000.00), along with any accrued interest earned thereon while on deposit**, payable by check as follows:

    a. One hundred thirty-five thousand dollars and 00/100 ($135,000.00) to "Tax

---

[1] Dkt. No. 2-1 at 18, Schedule "E."

Ranch, LLC" with accrued interest from date of deposit.

6. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendant Tax Ranch, LLC shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Defendant Tax Ranch, LLC to the date of repayment into the Registry of the Court.

7. The parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.

8. Defendant Tax Ranch, LLC shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to effectuate this stipulated judgment.

9. Defendant Tax Ranch, LLC shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interest in the property taken in this proceeding on the date of taking.

All claims in this case having been resolved, the Court hereby renders final judgment in accordance with Federal Rule of Civil Procedure 54. All pending motions are **DENIED** as moot. This case is terminated, and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of September 2021.

_____
Micaela Alvarez
United States District Judge

